UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RENEE CROFT,
    Plaintiff,

-vs-                                  Case No.
                                        Hon.
                                        **DEMAND FOR JURY TRIAL**

ALD, LLC, a foreign limited liability company,
DAVIS, an individual, and
FOLEY, an individual,
    Defendants.

## COMPLAINT & JURY DEMAND

*Plaintiff states the following claims for relief:*

### Jurisdiction

1. This Court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. §§ 1331, 1337.

2. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

### Venue

3. The transactions and occurrences that give rise to this action, namely the telephone calls received by Plaintiff from Defendants, occurred in Macomb County, Michigan.

4. Venue is proper in the Eastern District of Michigan.

### Parties

5. Plaintiff is a natural person and a resident of Macomb County, Michigan.

6. Defendants are as follows:

a.  ALD, LLC, ("ALD"), a foreign company doing business in Michigan, with its principal place of business located in Fort Mill, South Carolina. Upon information and belief, ALD is a law firm and also engages in the business of collections.

b.  Davis, who, upon information and belief, is an employee and/or agent of ALD.

c.  Foley, who, upon information and belief, is an employee and/or agent of ALD.

### General Allegations

7. In or about late September, 2014 or early October, 2014, Foley telephoned Plaintiff regarding an alleged debt of Plaintiff (hereinafter referred to as "the alleged debt").

8. Plaintiff asked Foley for the name of the company Foley represented.

9. Foley refused to answer this question.

10. Plaintiff asked Foley for the name of the owner of the alleged debt.

11. Foley refused to answer this question.

12. Plaintiff asked Foley for the name of the original creditor of the alleged debt.

13. Foley refused to answer this question.

14. Plaintiff asked Foley about the nature of the alleged debt.

15. Foley refused to answer this question.

16. Foley told Plaintiff that Plaintiff must pay the alleged debt on that day or else Plaintiff would be sued and a judgment would be entered against Plaintiff.

17. Upon information and belief, ALD does not employ any attorney who is licensed to practice law in the State of Michigan.

18. Upon information and belief, ALD does not have an office or other physical presence in the State of Michigan.

19. Foley's statements, tone and general demeanor intimidated Plaintiff and instilled a fear in Plaintiff that continued long after the telephone conversation ended.

20. As a direct consequence of Foley's intimidation of Plaintiff, Plaintiff ultimately agreed to an electronic transfer of $100.00.

21. Plaintiff provided Foley with Plaintiff's debit card number to allow Foley to make an electronic transfer of $100.00 from Plaintiff's checking account.

22. An electronic transfer of $100.00 was made from Plaintiff's checking account, via Plaintiff's debit card, to ALD on or about October 14, 2014.

23. On or about October 22, 2014, Foley called Plaintiff to discuss another payment by Plaintiff.

24. Foley stated that a payment of $220.00 was scheduled to be withdrawn from Plaintiff's checking account on October 24, 2014.

25. Plaintiff told Foley not to withdraw the funds from her checking account and that she was not authorizing said payment.

26. On October 24, 2014, an electronic transfer of $220.00 was made from Plaintiff's checking account to ALD.

27. On October 24, 2014, after she discovered the electronic transfer of $220.00 from her checking account, Plaintiff called Foley.

28. Plaintiff again told Foley that she did not authorize the transfer of $220.00 from her checking account and enquired why the transfer was made.

29. Foley stated that Plaintiff authorized the October 24, 2014 payment at the same time that she authorized the October 14, 2014 payment.

30. Foley further stated that a judgment will be entered against Plaintiff and served upon her at her place of employment if Plaintiff cancelled the November 5, 2014 payment.

31. Plaintiff again was intimidated and feared the embarrassment of being served with a judgment at her place of employment.

32. Plaintiff then asked to speak to Foley's supervisor or manager.

33. Foley put Plaintiff on hold and Davis answered the telephone.

34. Plaintiff told Davis that she did not authorize the transfer of $220.00 from her checking account and enquired why the transfer was made.

35. Plaintiff informed Davis that, on October 22, 2014, Plaintiff told Foley that she was not authorizing the payment scheduled for October 24, 2014.

36. Davis stated that Plaintiff authorized the October 24, 2014 payment at the same time she authorized the October 14, 2014 payment.

37. Davis further stated that Plaintiff authorized another electronic transfer to occur on November 5, 2014.

38. Plaintiff told Foley and/or Davis that she was not authorizing an electronic transfer to be made on November 5, 2014 or at any other time.

39. Plaintiff's husband is a joint owner of the Charter One checking account from which the electronic transfer of $220.00 was made to ALD.

40. Plaintiff and Plaintiff's husband searched through their bank statements and other records, yet could not find any documentation of any debt that related to the alleged debt that Defendants were trying to collect.

41. Subsequent to the telephone conversation between Plaintiff and Davis/Foley on October 24, 2014, Plaintiff's husband requested that Charter One perform a fraud investigation into the electronic transfer of $220.00 to ALD.

42. On or about November 3, 2014, Charter One reversed the electronic transfer of $220.00 to ALD and placed the funds back into Plaintiff's checking account.

43. Prior to November 5, 2014, Plaintiff cancelled the debit card containing the account number that she previously gave to Foley.

44. Plaintiff cancelled the debit card because she feared further unauthorized withdrawals from her checking account.

45. Defendants have never corresponded with Plaintiff in writing.

46. Upon information and belief, neither ALD nor any person or entity acting on behalf of ALD has filed a civil action against Plaintiff in any court.

**COUNT I – Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.***

47. Plaintiff incorporates the preceding allegations by reference.

48. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

49. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

50. At all times relevant to this action, ALD – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

51. At all times relevant to this action, Foley and Davis, in their respective capacities as employees and/or agents of ALD, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

52. Defendants attempted to collect the alleged debt from Plaintiff.

53. Foley used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, in violation of 15 U.S.C. § 1692d(2).

54. ALD, through its employees and/or agents, including Foley and/or Davis, placed telephone calls to Plaintiff without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6).

55. Foley placed telephone calls to Plaintiff without meaningful disclosure of Foley's identity, in violation of 15 U.S.C. § 1692d(6).

56. Defendants threatened to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

57. In at least one communication to Plaintiff, Defendants failed to disclose that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

58. ALD collected an amount without express authorization under the agreement creating the debt or other statutory authority in violation of 15 U.S.C. § 1692f(1).

59. Defendants failed to provide Plaintiff with any documentation whatsoever concerning the alleged debt, including failing to provide Plaintiff with the required notice pursuant to 15 U.S.C. § 1692g.

60. Defendants' actions to collect the alleged debt from Plaintiff violated the provisions of the FDCPA including, but not limited to, the following sections: 15 U.S.C. §§ 1692d(2); 1692d(6); 1692e(5); 1692e(11); 1692f(1) and 1692g.

61. Plaintiff has suffered damages as a result of Defendants' violations of the FDCPA.

**COUNT II – Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.***

62. Plaintiff incorporates the preceding allegations by reference.

63. Defendants are "collection agencies" pursuant to the MOC, M.C.L. § 339.901(b).

64. Plaintiff is a "debtor" pursuant to the MOC, M.C.L. § 339.901(f).

65. Defendants communicated with Plaintiff in a misleading or deceptive manner, in violation of M.C.L. § 339.915(a).

66. Defendants made inaccurate, misleading, untrue or deceptive statements or claims in a communication to collect a debt or concealed or failed to reveal the purpose of a communication made in connection with collecting a debt, in violation of M.C.L. § 339.915(e).

67. Defendants communicated with Plaintiff without accurately disclosing their identity, in violation of M.C.L. § 339.915(g).

68. Defendants used a harassing, oppressive, or abusive method to collect a debt, in violation of M.C.L. § 339.915(n).

69. Foley used profane or obscene language, in violation of M.C.L. § 339.915(o).

70. ALD failed to implement a procedure designed to prevent a violation by an employee, in violation of M.C.L. § 339.915(q).

71. Defendants failed to provide Plaintiff with any documentation whatsoever concerning the alleged debt, including failing to provide Plaintiff with the required notice pursuant to M.C.L. § 339.918.

72. Defendants' actions to collect the alleged debt against Plaintiff constitute violations of the MOC including, but not limited to, the following sections: M.C.L. §§ 339.915 and 339.918.

73. Defendants' violations of the MOC were willful.

74. Plaintiff has suffered damages as a result of Defendants' violations of the MOC.

### COUNT III – Michigan Collection Practices Act ("MCPA"), M.C.L. 445.251 *et seq.*

75. Plaintiff incorporates the preceding allegations by reference.

76. Defendants are "regulated persons" under the MCPA, M.C.L. § 445.251(g).

77. Defendants communicated with Plaintiff in a misleading or deceptive manner, in violation of M.C.L. § 445.252(a).

78. Defendants made inaccurate, misleading, untrue, or deceptive statement or claims in a communication to collect a debt or concealed or failed to reveal the purpose of a communication made in connection with collecting a debt, in violation of M.C.L. § 445.252(e).

79. Defendants communicated with Plaintiff without accurately disclosing the identity of ALD, in violation of M.C.L. § 445.252(g).

80. Defendants failed to implement a procedure designed to prevent a violation by an employee of ALD, in violation of M.C.L. § 445.252(q).

81. Defendants' actions to collect the alleged debt against Plaintiff constitute violations of the MCPA including, but not limited to, the following sections: M.C.L. § 445.252.

82. Defendants' violations of the MCPA were willful.

83. Plaintiff has suffered damages as a result of Defendants' violations of the MCPA.

### Demand for Jury Trial

84. Plaintiff demands trial by jury in this action.

**Demand For Relief**

85.     Accordingly, Plaintiff requests that the Court award:

   a.     *Actual damages, including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   b.     *Statutory damages.*

   c.     *Exemplary damages under Michigan law.*

   d.     *Statutory costs and attorney fees.*

                                        Respectfully Submitted,

                                        LYNGKLIP & ASSOCIATES
                                        CONSUMER LAW CENTER, PLC


                                        By: /s/ Carl Schwartz
                                        Carl Schwartz (P-70335)
                                        Attorney for Plaintiff
                                        24500 Northwestern Highway, Suite 206
                                        Southfield, Michigan 48075
                                        (248) 208-8864
                                        Carl@MichiganConsumerLaw.Com

Dated: January 9, 2015