UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE CROFT,

    Plaintiff,

v.

ALD, LLC, ET AL.,

    Defendants.

_____/

Case No. 15-10077

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment [25] against Defendants ALD, LLC, Davis, and Foley. Plaintiff filed a Complaint [1] on January 9, 2015, alleging violations of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), M.C.L. § 339.901, the Michigan Occupational Code ("MOC"), and M.C.L. § 445.251, the Michigan Collection Practices Act ("MCPA").

Defendant ALD filed an Answer [6] to Plaintiff's Complaint on March 13, 2015. The Court later granted Plaintiff's Motion to Strike the Answer [7], on the grounds that Defendant filed its Answer without entering an appearance in this Court through Counsel [11]. Since the commencement of this lawsuit, it does not

1

appear that Defendants have retained counsel; no Notice of Appearance by an attorney has been filed on behalf of Defendants.

Plaintiff requested Clerk's Entry of Default as to Defendant ALD on October 14, 2015 [13]. The Clerk of the Court entered Default as to ALD on October 16, 2015 [14]. Plaintiff subsequently requested Clerk's Entry of Default as to Defendants Davis and Foley on August 30, 2016 [21]. The Clerk of the Court entered Default against both defendants on September 1, 2016 [22, 23]. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Plaintiff now moves for an entry of Default Judgment as to all Defendants [25].

The Court will enter default judgment against all Defendants after a hearing has been held to determine the amount of damages. "Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (unpublished) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The court may,

without violating any federal statutory right to a jury trial, conduct hearings or make referrals to determine the amount of damages when necessary to enter or effectuate judgment.  FED. R. CIV. P. 55(b)(2)(B).

The Court being satisfied that the requirements for a default judgment have been met,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment is **GRANTED**, amount subject to a hearing before the magistrate judge.

**IT IS FURTHER ORDERED** that this matter be referred to United States Magistrate Judge David R. Grand for hearing and determination of damages, pursuant to 28 U.S.C. § 636(b)(1)(A).

**SO ORDERED**.

Dated: November 9, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge